IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RODNEY ALVERSON, #132431, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14-CV-648-WKW |
| | ) | [WO] |
| | ) | |
| MS. COPELAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by
Rodney Alverson ("Alverson"), an indigent state inmate.  In the complaint, Alverson
challenges the constitutionality of medical treatment provided to him for scabies and ear
problems, various conditions of confinement at Draper Correctional Facility, alleged acts
of retaliation and purported acts of discrimination.

Pursuant to the orders of this court, the defendants filed written reports supported
by relevant evidentiary materials in which they address the claims for relief presented by
Alverson.  The reports and evidentiary materials refute the self-serving, conclusory
allegations presented by Alverson in the complaint.  Specifically, these documents appear
to demonstrate that no violation of Alverson's constitutional rights occurred.

In light of the foregoing, the court issued an order directing Alverson to file a
response to the defendants' written reports. *Order of August 13, 2014 - Doc. No. 45*.  The

order advised Alverson that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Alverson for filing a response in compliance with the directives of this order expired on November 17, 2014. As of the present date, Alverson has failed to file a response in opposition to the defendants' written reports. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Alverson is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Alverson's inaction in the face of the defendants' reports and the overwhelming evidence refuting the claims raised herein suggests he does not seek to proceed with this case. Consequently, it appears that any additional effort by this court to secure his compliance would be unavailing. Finally, the undisputed evidentiary materials submitted by the defendants indicate that no violation of Alverson's constitutional rights occurred. In light of the foregoing, the court concludes that Alverson's abandonment of

2

his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.  It is further

ORDERED that on or before January 5, 2015 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of December, 2014.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE